# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:07cv294

| | |
|---|---|
| CHERYL M. THOMAS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>)<br>_____ | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 10] and the Defendant's Motion for Summary Judgment [Doc. 13].

## PROCEDURAL HISTORY

The Plaintiff Cheryl M. Thomas filed applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits on November 12, 2003 and November 25, 2003, respectively, alleging that she had become disabled as of December 16, 2002. [Transcript ("Tr.") 89-

93; 789-92]. The Plaintiff's applications were denied on March 19, 2004. [Tr. 45, 46]. A hearing was held before an Administrative Law Judge (ALJ) on July 12, 2006. [Tr. 804-49]. On October 13, 2006, the ALJ issued a decision denying the Plaintiff benefits. [Tr. 18-32]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [Tr. 6-8]. This civil action followed. [Doc. 1].

## STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to: (1) whether substantial evidence supports the Commissioner's decision, see Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g). The Fourth Circuit has defined

2

"substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401, 91 S.Ct. at 1427).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below.  Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## THE SEQUENTIAL EVALUATION PROCESS

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process.  20 C.F.R. §§404.1520, 416.920.  If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant.  20 C.F.R. §§404.1520, 416.920.

Second, the applicant must show a severe impairment. If the applicant does not show any impairment or combination thereof which significantly limits the physical or mental ability to perform work activities, then no severe impairment is shown and the applicant is not disabled. Id. Third, if the impairment meets or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the applicant is disabled regardless of age, education or work experience. Id. Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. Id. Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's residual functional capacity, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. Id. In this case, the ALJ's determination was made at the fourth step.

## FACTS AS STATED IN THE RECORD

Given the narrow issue presented on this appeal, the Court will recite an abbreviated statement of the relevant facts. In a work history report dated November 20, 2003, the Plaintiff stated that she had been employed as an "Insurance Clerk & Dr. Assistance [sic]" from June 1988 to November 1996. [Tr. 133]. She stated in the report that in this job she "filed insurance claims by hand, answered phone[,] filed medical records, put charts up & pulled them[,] did EKG's & injections, ordered supplies, [and] assisted Dr. [sic] in rooms." [Tr. 136]. She further stated in the report that she did not use machines, tools and equipment; did not use technical knowledge or skills; walked an hour a day; stood very little; sat six hours a day; and wrote, typed or handled small objects six to eight hours a day. She reported that while she often stooped, she did not climb, kneel, crouch, crawl, reach, or handle, grab or grasp big objects. She reported that she would carry medical charts from the front office to the back office and that the heaviest weight she lifted was ten pounds. [Tr. 136].

During the hearing, the ALJ expressed concern about properly characterizing the Plaintiff's past relevant work at the doctor's office. [Tr. 820, 845]. The vocational expert initially testified that the Plaintiff's position

appeared to involve aspects of work as both an insurance clerk, which is a sedentary position, and a nurse's assistant, which the vocational expert noted is classified as medium work and semi-skilled. [Tr. 845]. Upon further questioning, the Plaintiff clarified her duties, stating that her job required her to pull charts, set up appointments, administer flu shots, and order materials for the office. [Tr. 846]. Although some portions of the vocational expert's testimony are inaudible, it is clear from the transcript that the vocational expert testified, based upon the Plaintiff's clarification of her duties, that the Plaintiff's position as actually performed was primarily that of an insurance clerk. [Tr. 847].

## THE ALJ'S DECISION

On October 13, 2006, the ALJ issued a decision denying the Plaintiff's claim. [Tr. 18-32]. Using the five-step sequential evaluation process promulgated by the Social Security Administration, see 20 C.F.R. §§404.1520, 416.920, the ALJ made the following findings. At step one, the ALJ found that the Plaintiff has not engaged in substantial gainful activity through December 16, 2002. [Tr. 20]. At step two, the ALJ found that the Plaintiff has the following severe impairments: depression,

degenerative joint disease of the left knee with ACL deficiency, status-post rotator cuff repair, and obesity. [Tr. 21]. At step three, the ALJ concluded that none of the Plaintiff's impairments, either singly or in combination, meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. [Tr. 22].

Proceeding to step four, the ALJ determined that the Plaintiff has the residual functional capacity to lift and/or carry no more than ten pounds occasionally and frequently; that she can walk and/or stand with normal breaks no more than two hours total in an eight-hour work day; that she can sit about six hours in an eight-hour workday, with periodic alteration of sitting and standing not to exceed one to two hours, to relieve pain or discomfort; that her ability to push and/or pull is unlimited; that she may perform work where she is only occasionally required to climb ramps or stairs, balance, stoop, kneel, crouch and crawl, and where she is never required to climb ladders, ropes or scaffolds; that she is able to perform frequent overhead reaching; that she should avoid concentrated exposure to extreme cold, fumes, odors, gases, dust, and other hazards; and that she can perform a job which involves only occasional contact with the general public. [Tr. 23].

The ALJ found that the evidence of record did not support the extent of the Plaintiff's alleged symptoms and limitations, and that there were "demonstrated concerns" about the credibility of Plaintiff's allegations. While noting that the Plaintiff had demonstrated some limitations from her impairments which limit her ability to work, the ALJ found that these limitations were adequately addressed by the residual functional capacity assessment. [Tr. 31]. In comparing the Plaintiff's residual functional capacity with the physical and mental demands of the Plaintiff's prior work as an insurance clerk, the ALJ found that the requirements of Plaintiff's past relevant work did not exceed her residual functional capacity, and therefore, found that the Plaintiff is capable of performing this past relevant work. [Tr. 32]. Accordingly, the ALJ concluded that the Plaintiff has not been under a "disability" as defined by the Social Security Act from the alleged onset date of December 16, 2002 through the date of the decision, October 13, 2006. [Tr. 32].

**DISCUSSION**

Under the fourth step of the sequential evaluation process, a claimant will be found "not disabled" if she is able to perform her past

8

relevant work "either as [she] performed it *or* as it is generally required by employers in the national economy." Pass, 65 F.3d at 1207. The Plaintiff argues that the ALJ erred in the fourth step of the sequential evaluation process by concluding that the Plaintiff is capable of performing her past relevant work at the doctor's office. Specifically, the Plaintiff argues that the vocational expert acknowledged that the Plaintiff's position was a combination of a sedentary position (insurance clerk) and a medium position (doctor's assistant). As such, the Plaintiff contends, the residual functional capacity as found by the ALJ, which essentially limits the Plaintiff to sedentary work, precludes her from performing this past relevant work in the doctor's office. [Doc. 11 at 7-8].

    As the vocational expert noted, an insurance clerk position is classified as sedentary work by the Dictionary of Occupational Titles (DOT listing 219-387-014). "Sedentary work involves lifting no more than 10 pounds at a time and occasional lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. §§404.1567(a), 416.967(a). A doctor's assistant, on the other hand, is classified as

9

medium work (DOT listing 355.674-014). "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§404.1567(c), 416.967(c). In describing her former position, the Plaintiff stated that she did a great deal of sitting but walked and stood very little. [Tr. 136]. She further stated that the heaviest items that she lifted and carried were medical charts and postal clerk boxes. [Tr. 136, 847]. While the Plaintiff performed some duties that may be characterized more as duties of a nurse's assistant as opposed to an insurance clerk, such as administering flu shots, none of the duties that she actually performed involved the lifting requirements of medium work. As such, the ALJ correctly concluded that the Plaintiff's duties as actually performed were sedentary in nature and thus within the Plaintiff's residual functional capacity to perform.

The Plaintiff further contends that her residual functional capacity as found by the ALJ would prevent her from working in her position at the doctor's office in light of the fact that this position would require her to have "contact with the general public." [Tr. 11 at 8]. The Plaintiff, however, fails to cite to any evidence that her past relevant work required anything more

than the occasional interaction with the general public described in her assessed residual functional capacity.  [Tr. 23].

For the foregoing reasons, the Court finds that there is substantial evidence to support the ALJ's finding that the Plaintiff is able to perform her past relevant work as it is actually performed.

**CONCLUSION**

For the foregoing reasons, the Court concludes that the Commissioner applied the correct legal standards and that there is substantial evidence to support the Commissioner's determination that the Plaintiff is not disabled within the meaning of the Social Security Act.

**O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 10] is **DENIED**; the Defendant's Motion for Summary Judgment [Doc. 13] is **ALLOWED**; and the Commissioner's decision is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**, and judgment shall issue simultaneously herewith.

**IT IS SO ORDERED.**

Signed: August 13, 2008

Martin Reidinger
United States District Judge